# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RODNEY STORY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PREMIUM MERCHANT FUNDING ONE, LLC<br><br>Defendant. | Case No. 2:25-cv-910<br><br>**COMPLAINT - CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Rodney Story, individually and on behalf of others similarly situated, alleges the following against Premium Merchant Funding One, LLC ("Premium Merchant Funding" or "Defendant").

## I. NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response

COMPLAINT - CLASS ACTION – 1

to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Premium Merchant Funding made calls to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

4. Plaintiff now files this lawsuit seeking injunctive relief, requiring Premium Merchant Funding to cease placing unsolicited calls to residential numbers on the National Do Not Call Registry, as well as an award of statutory damages and costs to Class members.

COMPLAINT - CLASS ACTION – 1

## II. JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6. This Court has personal jurisdiction over Premium Merchant Funding because it regularly conducts business in this District, including making telemarketing calls into this District and soliciting business from this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district, namely the telemarketing messages to the Plaintiff.

## III. PARTIES

8. Plaintiff is, and has been at all relevant times, a citizen of Washington, residing in this Division.

9. Defendant Premium Merchant Funding One, LLC is a corporation incorporated in New York.

## IV. TCPA BACKGROUND

**A. The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

10. The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V. FACTUAL ALLEGATIONS

14. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15. Plaintiff's cellular telephone number (206) 778-XXXX.

16. Plaintiff personally listed his cellular telephone number on the National Do-Not-Call Registry on December 17, 2006, and has not removed it from the Registry since that time.

17. Plaintiff uses this telephone number for personal, residential, and household purposes

18. Plaintiff's telephone number is not associated with any business, nor does Plaintiff use the telephone number for business purposes.

19. Nevertheless, on April 30, 2025, at 6:20 a.m., Plaintiff received the following unsolicited telemarketing message from Defendant:

> Hey Rodney, this is Jordan Clark, we are offering options up to 24 months, what are you looking to put to use?
> Reply STOP to opt out

20. In an attempt to identify the company responsible for the unwanted telemarketing message, Plaintiff responded to Defendant's text with the following message on April 30, 2025, at 7:28 a.m.:

> Who are you with? What state are you working with?

21. On April 30 at 9:36 a.m., Defendant responded:

> I'm with Premium Merchant Funding, based out of New York.

22. Shortly after, Plaintiff responded with the following message, clearly indicating that he did not want to receive further marketing messages:

> This is a do not contact number.

23. Despite this request, Defendant sent two additional marketing texts on April 30, 2025, 12:02 p.m.:

> Are you still looking for capital?
>
> Can you use a line of credit?

24. Plaintiff was annoyed and harassed by the repeated solicitation text messages from Defendant and Defendant's noncompliance with his stop request.

25. Plaintiff has never been a customer of Defendant's, nor was he interested in Defendant's products or services.

26. Plaintiff did not provide prior express consent, either written or oral, to receive text message solicitations on his cellular phone from, or on behalf of, Defendant.

27. As demonstrated by the above messages, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

28. As demonstrated by the above messages, Defendant does not honor consumer requests to opt-out of text message solicitations.

29. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by responding, but Defendant continued to text message Plaintiff.

30. Defendant's text messages caused Plaintiff and Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

COMPLAINT - CLASS ACTION – 1

## VI. CLASS ACTION ALLEGATIONS

31. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

32. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant encouraging the purchase of Premium Merchant Funding's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Washington CEMA Class:** All persons in the State of Washington whose (1) cellular telephone or pager numbers, (2) received a text message from or on behalf of Defendant encouraging the purchase of Premium Merchant Funding's goods or services, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

33. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

34. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

35. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests

COMPLAINT - CLASS ACTION – 1

that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

   a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

   b. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

   c. Whether Defendant sent text messages without providing the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

   d. The number of text messages Defendant sent to Washington residents' cell phones or pagers;

   e. Whether Defendant should be held liable for violations committed on its behalf, if any; and

   f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

37. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large

COMPLAINT - CLASS ACTION – 1

number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

38. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

    a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

    c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

39. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

# COUNT I

### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

40. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

41. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

42. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls and/or text messages to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

43. These violations were willful or knowing.

44. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

45. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

# COUNT II

**Violations of the WA CEMA and CPA, RCW 19.190.060 and RCW 19.86**
**(On Behalf of Plaintiff and the Washington CEMA Class)**

46. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

47. It is a violation of the Washington CEMA to "initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service..." RCW 19.190.060.

48. A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.* RCW 19.190.100; *Wright v. Lyft, Inc.,* 406 P.3d 1149, 1154-55 (Wash. 2017).

49. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the WA CEMA by initiating or assisting in the transmission of multiple electronic commercial text message to telephone numbers assigned to Plaintiff and other Washington residents for cellular telephone or pager service.

50. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of CEMA's restrictions, Plaintiff and members of the Washington CEMA Class are each entitled to an injunction and $500 in damages for each such violation. RCW 19.190.040.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the National DNC Class as alleged herein;

B. Certification of the TCPA DNC Class as alleged herein;

COMPLAINT - CLASS ACTION – 1

C. Certification of the Washington CEMA Class as alleged herein;

D. Appointment of Plaintiff as representative of the Classes;

E. Appointment of the undersigned as counsel for the Classes;

F. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5) and Washington State Law;

G. Injunctive relief for Plaintiff and members of the Classes, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry;

H. Attorneys' fees and costs, as permitted by law; and

I. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 14th day of May, 2025.

By: */s/ Samuel J. Strauss,* WSBA #46971
Samuel J. Strauss, WSBA #46971
Email: sam@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Attorneys for Plaintiff*

COMPLAINT - CLASS ACTION – 1