**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

RODNEY STORY, on behalf of himself and all others similarly situated,

           Plaintiff,

    vs.

PREMIUM MERCHANT FUNDING ONE, LLC

           Defendant.

Case No. 2:25-cv-00910-KKE

Honorable District Judge Kymberly K. Evanson

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO SERVE SUBPOENA ON EASIFY SOFTWARE BY ELECTRONIC MEANS**

## INTRODUCTION

Plaintiff Rodney Story respectfully moves this Court for leave to serve a Rule 45 subpoena on non-party Easify Software by electronic means, including service via email on Easify (info@easify.app) and Easify's counsel (rick@rickgellerllc.com), on the grounds that traditional service has proven impracticable due to Easify's evasive conduct and failure to maintain a physical business presence at its publicly listed addresses. Defendant Premium Merchant Funding One, LLC, does not oppose this request.

## FACTS

In connection with his claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, on July 3, 2025, Plaintiff issued a Rule 45 subpoena to Twilio, a U.S.-based cloud communications platform that allows software developers and businesses to send and

receive phone calls, text messages (SMS/MMS), emails, and other communications. Declaration

of Anthony Paronich ("Paronich Decl."), ¶2. Plaintiff's subpoena to Twilio requested:

> Documents referencing customer identifying information for the DID: 13527394652 for April 2025. Responsive documents should include the entity's name, physical addresses, e-mail addresses, and telephone numbers, and the time frame each entity was assigned the number.

Paronich Decl., ¶¶3-4; <u>Exhibit A</u>. On July 18, 2025, Twilio responded as follows:

> Subject to and without waiving the foregoing objections, Twilio states the phone number 352-739-4652 belongs to a customer of Twilio's services. The customer details associated with this phone number are as follows:
>
> Easify Software
> www.easify.live
> 360C, RXR Plaza
> Uniondale, New York 11556
> Utilization period: April 28, 2025 to present

*Id.*, ¶¶5-6; <u>Exhibit B</u>. Accordingly, on July 18, 2025, Plaintiff issued a Rule 45 subpoena to

Easify, as Easify is believed to possess critical information regarding the origination and

transmission of unlawful telemarketing calls and text messages to Plaintiff. *Id.*, ¶¶7-8; <u>Exhibit</u>

<u>C</u>. Despite repeated efforts, Plaintiff has been unable to effectuate service on Easify through

traditional means. *Id.*, ¶9.

Plaintiff's process server twice attempted service at the address listed in Twilio's internal

records and twice attempted service at the address publicly posted on Easify's website. *Id.*, ¶¶10-

13; <u>Exhibit D</u>. All efforts were unsuccessful. *Id.* Specifically, the address listed in Twilio's

records, 360C, RXR Plaza, Uniondale, New York 11556 appears to be vacant, and a security

guard specifically confirmed unit 360 was vacant. *Id.,* ¶12. The process server also checked unit

300, but it was occupied by a different company. *Id.* The address listed on Easify's website,[1]

1010 Broadway, Woodmere, NY 11598, was also vacant. *Id.,* ¶13. The intercom was broken,

---

[1] *See* https://easify.app/contact-us.

1    the door was locked, and building management and nearby tenants confirmed that Easify does

2    not maintain a presence at the Woodmere location. *Id.*

3          On August 15, 2025, Rick Geller, who is in communication with Twilio, contacted

4    Plaintiff, and claimed to represent Easify. Paronich Decl., ¶¶14-15; Exhibit E. However, Mr.

5    Geller would not consent to accept service of the subpoena and has since failed to respond to

6    follow-up communications seeking to confirm acceptance of service. *Id.* On August 23, 2025,

7    Plaintiff asked Mr. Geller to confirm by August 28, 2025, whether he would accept service of

8    the subpoena on behalf of Easify, yet Mr. Geller did not respond. *Id.*

9    **LEGAL STANDARD**

10          Rule 45 of the Federal Rules of Civil Procedure permits a party to issue a subpoena to a

11    nonparty to produce documents and tangible things. Fed. R. Civ. P. 45(a)(1(C). The "subpoena

12    must be issued by the court where the underlying action is pending, but challenges to the

13    subpoena are to be heard by the district court encompassing the place where compliance with

14    the subpoena is required." *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D.

15    Cal. 2018) (internal citation and quotation marks omitted). Rule 45(b)(1) provides that

16    "[s]erving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P.

17    45(b)(1).

18          While the Ninth Circuit has not determined whether Rule 45 required personal service,

19    *Chambers v. Whirlpool Corp.*, No. 8:11-cv-01733-FMO-JCG, 2016 U.S. Dist. LEXIS 193644,

20    at *2 (C.D. Cal. Aug. 12, 2016), most courts require personal service of the subpoena. *See*

21    *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL-JSC, 2015 U.S. Dist. LEXIS 135871, at

22    *15-16 (N.D. Cal. Oct. 5, 2015) (collecting cases). Yet, "[t]here appears to be a growing—

23    although still minority—trend among courts to allow substitute service of a Rule 45 subpoena,

24    such as mail delivery, so long as the method of service is reasonably calculated to provide timely,

25

1  fair notice and an opportunity to object or file a motion to quash. *Id.* (collecting cases); *see*

2  *also* Charles A. Wright & Arthur R. Miller, 9A *Fed. Prac. & Proc. Civ.* § 2454 (3d ed.) ("In

3  recent years a growing number of cases have departed from the view that personal service is

4  required and alternatively have found service of a subpoena under Rule 45 proper absent

5  personal service."). "Courts are more inclined to grant such alternative service where the serving

6  party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal

7  service." *Fujikura,* 2015 U.S. Dist. LEXIS 135871, at *16.

8  **ARGUMENT**

9       Federal courts may authorize alternative means of service when consistent with due

10  process and reasonably calculated to provide notice. When traditional methods of service, such

11  as personal service, have proven unsuccessful despite diligent efforts, courts have the authority

12  to permit alternative methods of service that comport with constitutional standards of due

13  process. *See Menon v. Geovera Holdings, Inc.,* No. 2:24-CV-01819-TLN-SCR, 2025 U.S. Dist.

14  LEXIS 127265, at *2 (permitting service of a third-party subpoena by mail where the witness

15  may have evaded personal service); *CNC Software, LLC v. Glob. Eng'g Ltd. Liab. Co.*, No. 22-

16  cv-02488-TSH, 2022 U.S. Dist. LEXIS 137238 at *4 (N.D. Cal. Aug. 2, 2022) (finding that the

17  Court could authorize service of the complaint by email if the plaintiff established good cause to

18  permit service by email).

19       In this case, good cause exists for the Court to authorize service of the subpoena by email

20  because (1) Easify has actual notice of the subpoena, as evidenced by its counsel's

21  communications with both Twilio and Plaintiff, and (2) Plaintiff has made repeated and diligent

22  efforts to personally serve Easify at two known locations, both of which are now vacant. As

23  such, service by mail would be futile, particularly given that Easify appears to be deliberately

24  concealing its physical location from the public, while at the same time, Easify continues to

25

1    actively utilize Twilio's platform to transmit large-scale telemarketing communications—

2    activity that is central to the claims in this action, and therefore can be readily reached via the

3    email addresses associated with its ongoing online operations. Additionally, Easify is

4    deliberately evading service, as its counsel has refused to accept service on its behalf and has

5    failed to provide a valid address for personal service. Under these circumstances, service by

6    email is both necessary and reasonably calculated to provide timely and effective notice,

7    consistent with due process.

8          This case presents facts similar to those in *Kleiman v. Wright (In re Subpoena to*

9    *Vaugenperling),* No. 2:19-mc-00083-CAS(Ex), 2019 U.S. Dist. LEXIS 228062 (C.D. Cal. Dec.

10   2, 2019) where the Central District of California granted a motion to enforce an out-of-district

11   third-party subpoena issued by the Southern District of Florida, despite the absence of personal

12   service. The court held that Rule 45 does not require personal service; rather, it mandates only

13   that a copy of the subpoena be "delivered" to the recipient. *Kleiman,* 2019 U.S. Dist. LEXIS

14   228062, at *14. The court also reasoned that "construing Rule 45 to require personal service

15   would render superfluous that part of the rule which states that proof of service is accomplished

16   'by filing with the clerk of the court . . . a statement of the date *and manner* of service." *Id.* at

17   *14-15 (ellipsis and emphasis in original) (citations omitted). Accordingly, the court concluded

18   that the plaintiff's inability to effectuate personal service did not invalidate the subpoena, noting

19   the following facts as significant to its determination:

20          Accordingly, given the circumstances of this case, specifically that
        VaughnPerling has demonstrated actual knowledge of the subpoena, that
21      plaintiffs attempted to personally serve VaughnPerling at the Agoura Property
        which plaintiffs' believed to be VaughnPerling's last-known residence, that
22      plaintiffs mailed the subpoena to VaughnPerling at the P.O. Box he wrote as a
        return address on the envelope for one of the declarations that he mailed to the
23      Court, and that plaintiffs emailed the subpoena to VaughnPerling in response to
        an email he sent to plaintiffs' counsel, the Court concludes that plaintiffs' alleged
24

25   PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO SERVE SUBPOENA ON EASIFY
     SOFTWARE BY ELECTRONIC MEANS – 5

failure to effect personal service on VaughnPerling does not, itself, render the Subpoena defective.

Similarly, in this case, Plaintiff has made multiple diligent attempts to personally serve Easify—four times at two separate locations—but has been unable to do so due to Easify's failure to maintain a legitimate and accessible business address. Despite Plaintiff's failure to effectuate personal service, Easify has actual knowledge of the subpoena, as confirmed by correspondence between Easify's counsel, Twilio, and Plaintiff. Still, Easify has refused to accept service. Easify cannot conceal its business address from the public on the one hand, and refuse to accept service by alternate means on the other. To permit such conduct would effectively reward evasion and undermine Rule 45's purpose of facilitating discovery. Under these circumstances, service of the subpoena by email is appropriate, as it is reasonably calculated to provide timely and fair notice, and fully satisfies the requirements of due process.

WHEREFORE, Plaintiff Rodney Story respectfully moves this Court for leave to serve a Rule 45 subpoena on non-party Easify Software by electronic means, including service via email on Easify Software (info@easify.app) and Easify Software's counsel (rick@rickgellerllc.com).

*[Attorney signature block to follow on next page.]*

1    Respectfully submitted this 7ᵗʰ day of October, 2025.

2

3                                    By:    *s/Samuel J. Strauss*
                                            Samuel J Strauss, WSBA No. 46971
4                                           **STRAUSS BORRELLI PLLC**
                                            980 N Michigan Avenue, Suite 1610
5                                           Chicago, IL 60611-7502
                                            Telephone: (872) 263-1100
6                                           Fax: (872) 263-1109
                                            sam@straussborrelli.com
7                                           Anthony Paronich
                                            **PARONICH LAW PC**
8                                           350 Lincoln Street, Suite 2400
                                            Hingham, MA 02043
9                                           Telephone: (617) 485-0018
                                            anthony@paronichlaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## **CERTIFICATE OF SERVICE**

2        I, Samuel J. Strauss, hereby certify that on October 7, 2025, I caused the foregoing to

3  be electronically filed using the Court's CM/ECF system which will send an electronic copy of

4  this document to all parties and/or their counsel of record.

5        DATED this 7th day of October, 2025.

6                        Respectfully submitted,

7                        By:  */s/ Samuel J. Strauss*
                        Samuel J Strauss, WSBA No. 46971

8                        **STRAUSS BORRELLI PLLC**
                        980 N Michigan Avenue, Suite 1610

9                        Chicago, IL 60611-7502
                        Telephone: (872) 263-1100

10                       Fax: (872) 263-1109
                       sam@straussborrelli.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25      PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO SERVE SUBPOENA ON EASIFY
                 SOFTWARE BY ELECTRONIC MEANS – 8