— **EXHIBIT B** —



Twilio Inc.
101 Spear St. 5th Floor
San Francisco, CA 94105

**VIA EMAIL (anthony@paronichlaw.com)**

July 18, 2025

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

Re:  Non-Party Twilio Inc.'s Objections and Response to Subpoena Served in Connection with *Rodney Story v. Premium Merchant Funding One, LLC*, Civil Action No. 2:25-cv-00910, United States District Court, Western District of Washington (the "Action")

Dear Mr. Paronich:

Non-party Twilio Inc. ("Twilio") hereby objects and responds to the subpoena dated July 3, 2025 served on it in connection with the above-referenced Action (the "Subpoena").

## PRELIMINARY STATEMENT

Nothing contained in Twilio's objections and responses to the Subpoena is intended as a waiver of any privilege, protection, or immunity, including without limitation, the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common-interest privilege, or any other applicable privilege, protection, or immunity afforded by law. Twilio's responses and objections are conditioned specifically on the understanding that inadvertent disclosure of privileged or otherwise protected information is not intended to be, and may not be construed as, a waiver of any such privilege, protection, immunity, or any other ground for objecting to discovery with respect to such request, or the subject matter thereof, or the response thereto.

Twilio also preserves the following rights in objecting and responding to the Subpoena: (1) Twilio's right to object on any grounds at any time to the use of any documents or information provided by these objections and responses for any purpose in any subsequent proceeding in this Action or any other action; (2) Twilio's right to further object on any grounds at any time to further discovery arising out or relating to the Subpoena; and (3) Twilio's right to revise, correct, supplement, and/or clarify these objections or responses.

To the extent that Twilio agrees to respond and/or produce documents in response to the Subpoena, Twilio is not admitting any fact or agreeing with any legal or factual characterization in any request. Any documents that Twilio agrees to produce will be produced at a reasonable time and in a reasonable manner.

## **GENERALLY-APPLICABLE OBJECTIONS TO THE SUBPOENA**

1. Twilio objects to the Subpoena to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other privilege, protection or immunity. Any inadvertent disclosure of such information is not intended and shall not be construed or deemed to constitute a waiver, either generally or specifically, in whole or in part, with respect to such information, or the subject matter thereof. As a non-party to the Action, Twilio objects to the creation of a privilege log as that would impose an undue burden and to the extent not required under the Federal Rules of Civil Procedure.

2. Twilio objects to the Subpoena to the extent that it seeks information that constitutes or contains trade secrets or other confidential, research, development, proprietary, or sensitive commercial or private information the disclosure of which would frustrate the rights of Twilio or any other person. Twilio will not disclose such information unless subject to an appropriate protective order in this Action.

3. Twilio objects to the Subpoena to the extent that it calls for the disclosure of information protected by federal and/or state law, including, but not limited to the Electronic Communications Privacy Act. Further, Twilio will not disclose such information unless subject to an appropriate protective order in this Action.

4. Twilio objects to the Subpoena as unduly burdensome and oppressive to the extent that it requests the production of documents from a non-party that would appear to be within Defendant's possession, custody, or control and thus subject to appropriate party discovery.

5. Twilio objects to the Subpoena to the extent that it demands "any and all" or "all" documents relating to a topic or topics on the grounds that the use of such terms would render the request facially overbroad, unduly burdensome, and disproportionate to the needs of the case. Similarly, Twilio objects to the Subpoena to the extent that no specific timeframe for responsiveness is specified. If Twilio agrees to produce documents in response to a request, Twilio may provide exemplars or documents sufficient.

6. Twilio objects to the Subpoena to the extent that it attempts to impose obligations upon Twilio beyond those required by the Federal Rules of Civil Procedure, the Local Rules, or an applicable standing order.

7. Twilio objects to the Subpoena to the extent it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence or proportionate to the needs of the case as required by Fed. R. Civ. P. 26(b), or the burden and expense in obtaining the proposed discovery outweighs its likely benefit. To the extent that Twilio responds to any request, it does not concede any aspect of this objection. And because Twilio is not a party to the Action, it cannot accurately determine what is relevant and what is not, and objects to the Subpoena on those grounds as well.

8.     Twilio objects to the Subpoena to the extent that its requests assume disputed facts or call for an improper legal conclusion. By responding to the Subpoena, Twilio does not admit or agree with any of the matters contained in the Subpoena, or that any purported fact is true or exists.

9.     Twilio objects to the Subpoena to the extent it fails to provide a place of compliance within 100 miles of San Francisco, California. The applicable rule provides that a subpoena may command a person to produce documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. Twilio is headquartered in San Francisco, California and the records requested in the Subpoena issued to Twilio, to the extent they existed, would be accessible from Twilio's headquarters to custodians of records who are employed at that location. As such, the Subpoena specifies an improper place for production.

## SPECIFIC RESPONSES TO DOCUMENTS REQUESTED

**Request No. 1:** Documents referencing customer identifying information for the DID: 13527394652 for April 2025. Responsive documents should include the entity's name, physical addresses, e-mail addresses, and telephone numbers, and the time frame each entity was assigned the number.

**Objections and Responses to Request No. 1:** Twilio incorporates herein by reference its Preliminary Statement and Generally-Applicable Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio, and prematurely seeks information from Twilio before first seeking such information from Defendant and/or the customer identified below. Defendant is a party to this Action and it would be improper, and duplicative, to compel Twilio to respond when an actual party to this matter can fully satisfy this Request. To the extent you are asking for internal Twilio discussion relating to the identified phone number, there is no reason to think those discussions are relevant.

Twilio objects to this Request in that it is overly broad, unduly burdensome and appears to seek information not relevant or proportional to the underlying Action to the extent it asks for "[d]ocuments referencing customer identifying information." Twilio further objects to this Request as vague and ambiguous as to the undefined terms "referencing," "customer identifying information," and "DID." Twilio further objects to this Request to the extent it seeks information not within its possession, custody or control. Twilio further objects to this Request to the extent that it seeks information that constitutes or contains confidential and sensitive commercial information, the disclosure of which would frustrate the expectation of privacy held by Twilio or any other entity. Twilio further objects to the extent that this Request seeks protected information, potentially including the content of customer communications, that Twilio by law cannot produce in a civil litigation. *See, e.g.*, 18 U.S.C. § 2702.

Subject to and without waiving the foregoing objections, Twilio states the phone number 352-739-4652 belongs to a customer of Twilio's services. The customer details associated with this phone number are as follows:

Easify Software
www.easify.live
360C, RXR Plaza
Uniondale, New York 11556
Utilization period: April 28, 2025 to present

This phone number was not in use by a customer of Twilio's services from April 1-27, 2025.

Please email me at the address below if you have any questions regarding Twilio's objections and responses.

Sincerely,

*Paul Alsdorf*

Paul Alsdorf
Senior Director, Litigation
Twilio Inc.
palsdorf@twilio.com