UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RODNEY STORY , <br><br> Plaintiff(s), <br> v. <br><br> PREMIUM MERCHANT FUNDING ONE LLC , <br><br> Defendant(s). | CASE NO. C25-0910-KKE <br><br> ORDER TO SHOW CAUSE WHY MOTION FOR LEAVE TO SERVE SUBPOENA BY ELECTRONIC MEANS SHOULD NOT BE DENIED |

This matter comes before the Court on Plaintiff Rodney Story's motion for leave to serve a subpoena on non-party Easify Software ("Easify") by electronic means. Dkt. No. 17. Story has attempted to personally serve Easify at addresses listed on Easify's website and in a subpoena response from another company. But Easify's website also indicates that Easify is merely the trade name of a company called Fintech Holdings LLC, and Story has not attempted to personally serve that company's registered agent. Accordingly, before the Court will consider whether to permit alternative means of service, Story is directed to either attempt personal service on the registered agent or file a response explaining why he should not be required to do so.

I. BACKGROUND

Story has been attempting to serve Easify with a subpoena to collect information related to his TCPA claims. Dkt. No. 17 at 1–3. Based on a subpoena response he received from another non-party, Twilio, identifying Easify as the owner of a particular phone number, Story believes

Easify possesses information "regarding the origination and transmission of unlawful telemarketing calls and text messages[.]" Dkt. No. 18 ¶ 7. Twilio's subpoena response identified Easify's website and physical address. *Id.* ¶ 5.

Story hired a process server who, on two separate occasions, attempted service at the listed address. Dkt. No. 18-4 at 2. The process server received no response at the door or intercom and reported that the address appeared vacant. *Id.* Building security stated that the company that had occupied the unit moved to another space in the building. *Id.* But when the process server visited that company's new location, a representative stated that the company was not Easify. *Id.*

Story's process server then attempted service at a different address listed on Easify's website, again on two different occasions and without success. Dkt. No. 18 ¶ 13. The space's intercom was broken, the door was locked, and building management and neighbors confirmed that Easify does not maintain a presence at the address. *Id.* ¶ 13; Dkt. No. 18-4 at 3.

While Story has been unsuccessful in completing personal service, Easify is apparently aware of the subpoena. Its attorney, Rick Geller, reached out to Story's counsel in August 2025, stating that his client advised him it had "not been served with any subpoena in accordance with the Federal Rules of Civil Procedure." Dkt. No. 18-5 at 4. Geller stated his office was "not consenting to accept service of this subpoena on [his] client's behalf[.]" *Id.* He apparently sent the email to Story's counsel from an email chain, viewable at the bottom of Geller's email, between Twilio and Easify about the subpoena. *See id.* at 5–6. In the email chain, a Twilio employee wrote to someone name Adam Stewart, who had an "@easify.live" email address, that Story's counsel "sent you a subpoena for information related to your Twilio account (attached)." *Id.* at 6. The Twilio employee said, "I wanted to give you a heads up regarding the subpoena (in case you were not already aware), and ask that you respond to [Story's counsel]." *Id.* Stewart responded, "I Cc'd my attorney here. We'll get back to you if you were [sic] have any questions." *Id.* at 5.

ORDER TO SHOW CAUSE WHY MOTION FOR LEAVE TO SERVE SUBPOENA BY ELECTRONIC MEANS SHOULD NOT BE DENIED - 2

After the four unsuccessful attempts to serve Easify, Story's counsel emailed Geller asking him and his client to reconsider the decision not to accept service of the subpoena. *Id.* at 2–3. Geller did not respond. Dkt. No. 18 ¶ 14.

Story then filed this motion for leave to serve the subpoena on Easify by alternative means. Dkt. No. 17. He asks the Court to issue an order permitting him to serve the subpoena electronically by emailing it to Easify's general email address (info@easify.app) and to Geller (rick@rickgellerllc.com). *Id.* at 6. Defendant Premium Merchant Funding One, LLC does not oppose his motion. *Id.* at 1.

## II. DISCUSSION

Federal Rule of Civil Procedure 45 requires "delivering a copy [of the subpoena] to the named person." Fed. R. Civ. P. 45(b)(1). District courts have been "split on whether Rule 45(b)(1) requires personal service of a subpoena[.]" *Kantor v. Big Tip, Inc.*, No. 2:15-CV-01871-RAJ, 2017 WL 2634207, at *1 (W.D. Wash. June 19, 2017) (citing *Hall v. Sullivan*, 229 F.R.D. 501, 503–04 (D. Md. 2005)). But "[i]n recent years a growing number of cases have departed from the view that personal service is required" and have permitted alternative forms of service reasonably "calculated to provide timely actual notice." Wright & Miller, 9A Fed. Practice & Proc. § 2454 (3d ed. 2025). Indeed, at least three judges in this District have held that, "[b]ecause the plain language of Rule 45 does not require personal service, such is not required." *Tubar v. Clift*, No. 05-cv-1154, 2007 WL 214260, at *5 (W.D. Wash. Jan. 25, 2007) (Coughenour, J.); *see also Kantor*, 2017 WL 2634207, at *1 (Jones, J.); *Kleiman v. Wright*, No. 2:20-CV-00593-BJR, 2020 WL 2107710, at *2 (W.D. Wash. Apr. 24, 2020) (Rothstein, J.).

As Story acknowledges, however, courts that take this approach typically require the serving party to demonstrate they have "diligently attempted to effectuate personal service" before seeking leave to serve by alternative means. *Chambers v. Whirlpool Corp.*, No.

ORDER TO SHOW CAUSE WHY MOTION FOR LEAVE TO SERVE SUBPOENA BY ELECTRONIC MEANS SHOULD NOT BE DENIED - 3

SACV111733FMOJCGX, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016); *see also* Dkt. No. 17 at 4 ("Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." (quoting *Fujikura Ltd. v. Finisar Corp.*, No. 15MC80110HRLJSC, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015)).  Courts in this District have explained that, even if Rule 45 does not strictly require personal service, "it does require 'delivery,' and 'ensuring such delivery is necessarily a part thereof.'" *Kantor*, 2017 WL 2634207, at *1.

On this record, the Court is not prepared to grant leave to serve the subpoena by email.  It is unclear that sending the subpoena to info@easify.app would ensure its delivery to Easify.  And service on a party's attorney is, on its own, typically insufficient because Rule 45 requires more than "mere notice, it requires *service*." *Id.* at *2 (emphasis in original) (citing *Fujikura*, 2015 WL 5782351, at *7) (finding service insufficient even though subpoenaed party's attorney appeared on his behalf to oppose motion to compel compliance with subpoena).  Moreover, Plaintiff directed the Court to Easify's website in support of its motion, but review of that website indicates that Easify is the trade name of Fintech Holdings LLC ("Fintech").[1]  The Court can take judicial notice of this information and that the New York Department of State's website lists Fintech's registered agent as Spiegel & Utrera, P.A., P.C., located at 1 Maiden Lane, 5th Floor, New York, NY, United States, 10038.[2]  *See Cota v. Carrows Restaurants, LLC*, No. 20-CV-1428 TWR (RBB), 2022 WL 22298557, at *2 (S.D. Cal. Jan. 24, 2022) (taking judicial notice of defendant's registered agent as indicated on California Secretary of State's website); *Brooks v. House of CB USA, LLC*, No. 2:20-CV-1606-JAM-JDP, 2021 WL 3411878, at *1 (E.D. Cal. July 6, 2021) (same).  Story has

---

[1] Terms of Service, Easify, https://easify.app/terms-of-service (last updated Nov. 14, 2023) ("We are Fintech Holdings LLC, doing business as Easify[,] … a company registered in New York, United States at 1010 Broadway, Woodmere, NY 11598.").
[2] N.Y. Dep't of State, Div. of Corps., Search Our Corporation and Business Entity Database, https://apps.dos.ny.gov/publicInquiry/ (last visited 11/3/2025).

ORDER TO SHOW CAUSE WHY MOTION FOR LEAVE TO SERVE SUBPOENA BY ELECTRONIC MEANS SHOULD NOT BE DENIED - 4

apparently not attempted to personally serve the subpoena on Fintech's registered agent nor provided a reason for failing to do so. Before the Court will consider whether to grant leave to serve the subpoena by alternative means, Story must either attempt such service or explain why he should not be required to do so.

### III.  CONCLUSION

Accordingly, Story is ORDERED TO SHOW CAUSE by December 1, 2025, why his motion to serve the subpoena by electronic means should not be denied because he has not attempted to personally serve it on Fintech's registered agent, Spiegel & Utrera, P.A., P.C. Alternatively, if Story effectuates such service, he may withdraw his motion.

Dated this 7th day of November, 2025.

Kymberly K. Evanson
United States District Judge

ORDER TO SHOW CAUSE WHY MOTION FOR LEAVE TO SERVE SUBPOENA BY ELECTRONIC MEANS SHOULD NOT BE DENIED - 5